IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT J. DANIELS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  Case No. 19-cv-1373-DWD |
| | ) |
| ERIC WILLIAMS, | ) |
| | ) |
| Respondent. | ) |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

**DUGAN, District Judge:**

In Case No. 4:15-CR-338 filed in the United States District Court for the Eastern District of Missouri, Petitioner Robert J. Daniels pleaded guilty to a superseding indictment charging him with conspiracy to possess a firearm as a previously convicted felon in violation of 18 U.S.C. § 371. On December 5, 2016, he was sentenced to a 40-month term of imprisonment. (Doc. 21-1, p. 12). Daniels appealed his sentence, and the judgment of the district court was affirmed on July 21, 2017. (*Id.* at 14). After serving his sentence, Daniels was released from custody and began serving a two-year term of supervised release. His supervised release was revoked on October 1, 2019, and Daniels was sentenced to an additional 6-month term of imprisonment to be followed by an additional supervised release term of 30 months. (*Id.* at 16).

On December 18, 2019, Daniels filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time he filed his petition, Daniels was incarcerated at Federal Correctional Institution-Greenville within the Southern District of Illinois, but he was

released from custody on February 7, 2020. In his petition, Daniels seeks relief based on *Rehaif v. United States*, 139 S.Ct. 2191 (2019), arguing that his conviction and sentence are invalid and must be vacated because the United States did not allege, or otherwise prove, that he was aware of his status a previously convicted felon prohibited by 18 U.S.C. § 922(g) from possessing a firearm or ammunition in order to secure his conviction. *See Rehaif*, 139 S.Ct. at 2194 (holding that the word "knowingly" in 18 U.S.C. § 922(g) "applies both to the defendant's conduct and to the defendant's status" as a person prohibited from possessing a firearm).

On March 10, 2020, the Court appointed the Federal Public Defender's Office to assist Daniels to the extent that his petition raised a claim under *Rehaif*. Assistant Federal Public Defender Todd Schultz entered his appearance on March 24, 2020, and moved to withdraw as counsel on April 1, 2020. According to Attorney Schultz's motion to withdraw, Petitioner does not have a valid *Rehaif* claim because he was convicted of conspiracy pursuant to 18 U.S.C. § 371 rather than of possession of a firearm or ammunition by a previously convicted felon under 18 U.S.C. § 922(g), negating the application of the holding in *Rehaif* to Petitioner's conviction and sentence. The Court granted the motion to withdraw on May 18, 2020, and directed the United States to respond to the petition.

On July 9, 2020, the United States filed a motion to dismiss Daniels's petition, arguing that Daniels fails to demonstrate that a § 2255 petition would be an inadequate or ineffective vehicle to challenge his conviction and sentence as required for filing a petition under § 2241. The Court directed Daniels to respond to motion by the United

States by August 13, 2020, and warned him that the failure to respond could be deemed an admission of the merits of the motion pursuant to Local Rule 7.1(c). (Doc. 22). That deadline has come and gone, and Petitioner has not responded to the motion by the United States.

The arguments raised by the United States in favor of dismissal are well taken. The United States concedes that *Rehaif* announced a new, substantive rule that is both cognizable and retroactively applicable under 28 U.S.C. § 2255. As such, a petition filed within one year of the Supreme Court's decision in *Rehaif* would be deemed timely filed. Typically, a collateral attack on a federal prisoner's conviction and sentence must be brought under § 2255, but a prisoner may proceed under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Montana v. Cross*, 829 F.3d 775, 782 (7th Cir. 2016)("The 'savings clause' of § 2255 preserves the original remedy in those 'occasional cases' in which a motion under § 2255 'is inadequate or ineffective to test the legality of' a federal prisoner's detention.")(quoting *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015)(en banc)). Here, however, nothing suggests that § 2255 would be an inadequate or ineffective means for Daniels to challenge his conviction or sentence, so Daniels's § 2241 petition should be dismissed.

Pursuant to Local Rule 7.1(c), the failure to respond timely to a motion may, in the Court's discretion, be deemed an admission of the merits of the motion. Despite being directed to do so, Petitioner failed to file a timely response to the pending motion to dismiss. The Court finds that the motion by the United States has merit, and, as a result,

it is appropriate to exercise discretion under Local Rule 7.1(c) to deem Petitioner's failure to respond an admission of the merits of the motion to dismiss.

## Conclusion

For the above-stated reasons, the Court **GRANTS** the motion to dismiss (Doc. 21) filed by the United States and **DISMISSES with prejudice** Daniels's habeas corpus petition pursuant to 28 U.S.C. § 2241. The Clerk of Court shall enter judgment and shall close this case.

**SO ORDERED.**

Dated: December 9, 2020

_____
DAVID W. DUGAN
United States District Judge